## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

_____

ANTONIO MAHOLMES,

   **Plaintiff,**

  -vs-                 Case No.  06-C-243

SUZANNE O'NEILL,
WISCONSIN STATE PUBLIC
DEFENDER'S OFFICE,
JOHN M. SCHELLPFEFFER,
and CHAD MINDER,

   **Defendants.**

_____

## DECISION AND ORDER
_____

  Plaintiff Antonio Maholmes, who is detained at the Marathon County Jail, lodged a *pro se* civil rights complaint under 42 U.S.C. § 1983. This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis*.

  The plaintiff is required to pay the statutory filing fee of $250.00 for this action. 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed *in forma pauperis*. To proceed with an action *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the

time the action is filed an initial partial filing fee of 20% of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.

In this case, the plaintiff has filed a certified copy of his trust account statement for the six-month period immediately preceding the filing of his complaint. The prisoner has been assessed and paid an initial partial filing fee of $9.50.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 [1957]). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

To state a claim for relief under 42 U.S.C. § 1983, plaintiffs must allege: 1) that they were deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon them by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, however inartfully pleaded, a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley*, 355 U.S. at 47); *see also Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004) (no heightened pleading requirement for *pro se* prisoner civil rights complaint). Of course, if a

3

complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." *Thomson*, 362 F.3d at 970.

Plaintiff Antonio Maholmes is currently detained at the Marathon County Jail in Wausau, Wisconsin. The complaint names the following defendants: Public Defender Suzanne O'Neill; the Wisconsin State Public Defenders Office; Licensed Law Consultant John M. Schellpfeffer; and Assistant District Attorney Chad Minder.

The plaintiff alleges that on December 13, 2005, he requested that defendant Schellpfeffer check the progress of his case, and Schellpfeffer informed the plaintiff that his "P.S.I" would be completed, to have patience, and that there would not be any delays in his sentencing hearing. (Compl. ¶ IV.A.) However, on January 19, 2006, there was a delay due to the P.S.I. report not being completed. In addition, defendant Schellpfeffer told the plaintiff not to call his office and that he would press charges if the plaintiff called again. On January 19, the plaintiff called the Public Defenders Office to file a complaint against defendant Schellpfeffer. The plaintiff spoke with defendant O'Neill who promised to appoint the plaintiff a successor counsel and also to contact the plaintiff about filing the complaint. However, defendant O'Neill has not contacted the plaintiff nor has she appointed him new legal counsel. On February 3, 2006, the plaintiff called the Public Defender's Office and learned that his sentence revocation hearing had been set for March 22, 2006, and that defendant Schellpfeffer was still listed as his attorney. The plaintiff also discovered that there was a hearing for defendant Schellpfeffer to withdraw as counsel where the plaintiff was supposed to appear personally, but the district

4

attorney and the court held the hearing without the plaintiff being present. The plaintiff learned from a family member that the judge granted the motion but none of the involved parties have contacted the plaintiff to inform him of the status in the matter. In addition, the district attorney failed to send the order to conduct the P.S.I. report, which delayed the plaintiff's sentencing. Currently, the plaintiff has no legal representation, and noone will respond to his calls and messages to converse with him concerning these matters.

The plaintiff contends that his right to effective assistance of counsel and his right to a prompt revocation proceeding have been violated. For relief, the plaintiff seeks "immediate release from custody" and for his complaint to go on the record to follow the parties involved so that the public is aware of their conduct. (Compl. ¶ V.) The plaintiff also seeks damages for lost wages, mental anguish, and suffering.

It is well established that the sole federal remedy for one who challenges the fact or duration of his confinement by the state and seeks a determination that he is entitled to immediate or speedier release is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). It is also well established that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm cause by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

5

It is apparent that the plaintiff's conviction has not been overturned. Accordingly, his claim is barred pursuant to the rules set forth above.

The complaint does not name the correct defendant for a habeas petition nor does it seek the correct relief and therefore, the complaint is not amenable to conversion to a habeas petition. *See Glaus v. Anderson*, 408 F.3d 382, 388 (7th Cir. 2005). The Seventh Circuit Court of Appeals has advised district courts as follows:

> we believe that the district courts should make clear exactly what it is they are, and are not, doing when they dismiss a *pro se* prisoner-litigant's complaint without prejudice because it was brought either as a habeas corpus petition or a civil rights action, and it should have been the reverse. If, as normally will be the case, conversion is improper, the district court should include a short and plain statement in its order that states: (1) that the court is not making a decision on the ultimate merits of the case; (2) that the prisoner may refile immediately under the proper legal label, subject to the normal rules such as those prohibiting frivolous lawsuits; and (3) that refiling under the proper label will probably have certain consequences.

*Id.* at 389-90.

This plaintiff has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 [7th Cir. 1988], *aff'd sub nom. Neitzke v. Williams*, 490 U.S. 319 [1989]).

## ORDER

**IT IS THEREFORE ORDERED** that the plaintiff's request to proceed *in forma pauperis* (Docket #2) be and hereby is **GRANTED**.

6

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Marathon County Sheriff or his designee shall collect from the plaintiff's prison trust account the $240.50 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS ALSO ORDERED** that a copies of this order be sent to the Marathon County Sheriff.

Dated at Milwaukee, Wisconsin, this 10th day of April, 2006.

**SO ORDERED,**

s/ Rudolph T. Randa
**HON. RUDOLPH T. RANDA**
**Chief Judge**